```
                                      FILED
                              CLERK, U.S. DISTRICT COURT

                                      2/8/2021

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY: ____JB____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No.  2:21-cr-00026 -SVW |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 545: Receiving Prescription Drugs Imported Contrary to Law; 21 U.S.C. §§ 331(c) and 333(a)(1): Receipt of Misbranded Drugs in Interstate Commerce and Proffered Delivery Thereof For Pay; 18 U.S.C. §§ 545 and 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| HEMATOLOGY ONCOLOGY CONSULTANTS, a California General Partnership, MARK GOLDSTEIN, and STANLEY ROSSMAN, | |
| Defendants. | |

The Acting United States Attorney charges:

COUNT ONE

[18 U.S.C. § 545]

[Defendant HEMATOLOGY ONCOLOGY CONSULTANTS]

On or about June 2008 through on or about October 20, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant HEMATOLOGY ONCOLOGY CONSULTANTS, a California General Partnership, knowingly received and bought merchandise, namely, misbranded and unapproved new drugs, after their importation, knowing the merchandise to have been imported or brought into the

1  United States contrary to law.  Specifically, defendant HEMATOLOGY
2  ONCOLOGY CONSULTANTS received and bought misbranded and unapproved
3  new drugs, namely Altuzan, knowing that such merchandise had been
4  imported into the United States without being listed for commercial
5  distribution, as required by Title 21, United States Code, Section
6  352(o), in violation of Title 21, United States Code, Section 331(a),
7  and without being approved by the United States Food and Drug
8  Administration, as required by Title 21, United States Code, Section
9  355(a), in violation of Title 21, United States Code, Section 331(d).

COUNT TWO

[21 U.S.C. §§ 331(c), 333(a)(1)]

[Defendants GOLDSTEIN and ROSSMAN]

From on or about June 2008 through on or about October 20, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendants MARK GOLDSTEIN and STANLEY ROSSMAN received in interstate commerce, and caused the receipt in interstate commerce, of misbranded drugs, namely, misbranded and unapproved Altuzan, and delivered and proffered the delivery thereof for pay, and caused the delivery and caused the proffered delivery thereof for pay.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 982(a)(2)(B) and 545]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 545, and Title 28, United States Code, Section 2461(c), in the event of any of the defendant's conviction of the offense set forth in Count One of this Information.

2.  Any defendant so convicted shall forfeit to the United States the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense;

   (b)  Any and all merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof; and

   (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a), Fed. R. Crim. P., notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Two of this Information.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

   (a)  All right, title, and interest in any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offense of conviction; and

   (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as a result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

                    TRACY L. WILKISON
                    Acting United States Attorney

*/s/ Brandon Fox*
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental and Community
  Safety Crimes Section

SONIA W. NATH
Special Assistant United States
  Attorney

7