TRACY L. WILKISON
Acting United States Attorney
BRANDON FOX
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (Cal. Bar No. 144524)
Assistant United States Attorney
Chief, Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4536
    Facsimile: (213) 534-5400
    E-mail:   joseph.johns@usdoj.gov
SONIA W. NATH (DC Bar No. 997095)
Special Assistant United States Attorney
Associate Chief Counsel for Enforcement
U.S. Food and Drug Administration
    10903 New Hampshire Ave. WO31-4568
    Silver Spring, MD 20903
    Telephone: (301) 796-8708
    E-mail:   sonia.nath@fda.hhs.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:21-cr-00026 -SVW |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MARK GOLDSTEIN |
|       v. | |
| MARK GOLDSTEIN, | |
|     Defendant. | |

    1.   This constitutes the plea agreement between MARK GOLDSTEIN ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

2.    Defendant understands and agrees that this Agreement is part of a "package deal" in which the disposition of the case against defendant is tied to and conditioned on the disposition of cases against two other defendants, namely, Hematology Oncology Consultants (a California General Partnership), and Stanley Rossman. Accordingly, defendant and the USAO agree that this Agreement and the obligations it creates will not become binding on the USAO or defendant unless and until: (a) defendant executes this Agreement and enters a guilty plea in accordance with this Agreement; and (b) Hematology Oncology Consultants and Stanley Rossman execute their plea agreements with the USAO and enter guilty pleas in accordance with those agreements.  Defendant acknowledges that he has discussed with his attorney, and carefully considered, the possible advantages and disadvantages to defendant of entering into this Agreement as part of the package deal; defendant is entering into this Agreement as part of the package deal freely and voluntarily because he believes this Agreement and the package deal to be in defendant's best interests; and defendant is not entering into this Agreement as part of the package deal because of threats, coercion, or other undue influence by the USAO or by the other defendants who are part of the package deal, their counsel, or anyone acting on their behalf.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

3.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this

1  agreement, this agreement will, with the exception of paragraph 16

2  below, be rendered null and void and both defendant and the USAO will

3  be relieved of their obligations under this agreement.  Defendant

4  agrees, however, that if defendant breaches this agreement prior to

5  the Court's determination whether or not to accept this agreement,

6  the breach provisions of this agreement, paragraphs 22 and 23 below,

7  will control, with the result that defendant will not be able to

8  withdraw any guilty plea entered pursuant to this agreement, the USAO

9  will be relieved of all of its obligations under this agreement, and

10  the Court's failure to follow any recommendation or request regarding

11  sentence set forth in this agreement will not provide a basis for

12  defendant to withdraw defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

14      4.   Defendant agrees to:

15          a.   At the earliest opportunity requested by the USAO and

16  provided by the Court, appear and plead guilty to Count Two of the

17  Information in the form attached to this agreement as Exhibit A or a

18  substantially similar form, which charges defendant with Receipt in

19  Interstate Commerce of a Misbranded Drug and Delivery or Proffered

20  Delivery Thereof for Pay or Otherwise, in violation of 21 U.S.C.

21  §§ 331(c) and 333(a)(1).

22          b.   Not contest facts agreed to in this agreement.

23          c.   Abide by all agreements regarding sentencing contained

24  in this Agreement and affirmatively recommend to the Court that it

25  impose a sentence in accordance with paragraph 14 of this agreement.

26          d.   Appear for all court appearances, surrender as ordered

27  for service of sentence, obey all conditions of any bond, and obey

28  any other ongoing court order in this matter.

3

e.   Agree that all court appearances, including arraignment, change of plea hearing, and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 or another order, rule, or statute. Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), defendant may have the right to have its representative be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

f.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

4

1          g.   Be truthful at all times with the United States

2  Probation and Pretrial Services Office, all federal agencies, and the

3  Court.

4          h.   Pay the applicable special assessments at or before

5  the time of sentencing unless defendant has demonstrated a lack of

6  ability to pay such assessments.

7          i.   Accept joint and several liability for the fine and

8  forfeiture imposed against Hematology Oncology Consultants as part of

9  this package deal.

## THE USAO'S OBLIGATIONS

11    5.   The USAO agrees to:

12          a.   Not contest facts agreed to in this agreement.

13          b.   Abide by all agreements regarding sentencing contained

14  in this agreement and affirmatively recommend to the Court that it

15  impose sentence in accordance with paragraph 14 of this agreement.

## NATURE OF THE OFFENSES

17    6.   Defendant understands that for defendant to be guilty of

18  the crime charged in the information, that is, Receipt in Interstate

19  Commerce of a Misbranded Drug and Delivery or Proffered Delivery

20  Thereof for Pay or Otherwise, in violation of 21 U.S.C. §§ 331(c) and

21  333(a)(1), the following must be true: (1) defendant received, or

22  caused to be received, drugs in interstate commerce that were

23  misbranded, and (2) defendant delivered, proffered delivery, or

24  caused the delivery or proffered delivery, of the misbranded drugs

25  for pay or otherwise.

## PENALTIES AND RESTITUTION

27    7.   Defendant understands that the statutory maximum sentence

28  that the Court can impose against defendant for a violation of

Receipt in Interstate Commerce of a Misbranded Drug and Delivery or Proffered Delivery Thereof for Pay or Otherwise, in violation of 21 U.S.C. §§ 331(c) and 333(a)(1), is: a one-year term in prison; a one-year period of supervised release or a five-year term of probation; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

8. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>SUSPENSION/REVOCATION/DEBARMENT</u>

9. Defendant understands that if defendant holds any regulatory license or permit, the conviction in this case may result in the suspension or revocation of such license and/or permit.  By this Agreement, the USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof. Suspension and debarment of organizations convicted under various federal statutes is a discretionary administrative action solely within the authority of the applicable federal agency.

<u>FACTUAL BASIS</u>

10. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts attached hereto as

6

Exhibit B to this agreement, and agree that this statement of
facts is sufficient to support a plea of guilty to the charges
described in this agreement but is not meant to be a complete
recitation of all facts relevant to the underlying criminal
conduct or all facts known to either party that relate to that
conduct.

SENTENCING FACTORS AND AGREED-UPON SENTENCE

11.   Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).   Defendant understands that the
Sentencing Guidelines are advisory only.

12.   Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2N2.1 |
| Acceptance of Responsibility: | -2 | U.S.S.G. § 3E1.1(a) |
| Total Offense Level: | 4 | |
| Criminal History Category: | 0 | |
| Guideline Range: | 0-6 months' imprisonment | |

13.   The parties agree not to argue that any other specific
offense characteristics, adjustments, or departures be imposed.

14.   Defendant and the USAO agree that, taking into account the
factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant
sentencing guideline factors set forth above, the appropriate
disposition of this case is that the Court impose a sentence of: one
year term of probation with standard conditions as set forth in
General Order No. 20-04; a $250,000 fine; and a $25 special
assessment.   The parties stipulate and agree that the alternative

fine provision in 18 U.S.C. § 3571(d) authorizes the imposition of a fine in the amount to which the parties have agreed.  The parties further stipulate and agree that defendant shall be held jointly and severally liable for the payment of the criminal fine by co-defendant Hematology Oncology Consultants, GP.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

1           h.   Any and all rights to pursue any affirmative defenses,

2    Fourth Amendment or Fifth Amendment claims, and other pretrial

3    motions that have been filed or could be filed.

4                   WAIVER OF STATUTE OF LIMITATIONS

5        16.   Having been fully advised by defendant's attorney regarding

6    application of the statute of limitations to the offense to which

7    defendant is pleading guilty, defendant hereby knowingly,

8    voluntarily, and intelligently waives, relinquishes, and gives up:

9    (a) any right that defendant might have not to be prosecuted for the

10   offense to which defendant is pleading guilty because of the

11   expiration of the statute of limitations for the offense prior to the

12   filing of the information alleging the offense; and (b) any defense,

13   claim, or argument defendant could raise or assert that prosecution

14   of the offense to which defendant is pleading guilty is barred by the

15   expiration of the applicable statute of limitations, pre-indictment

16   delay, or any speedy trial violation.

17                 WAIVER OF APPEAL OF CONVICTION

18       17.   Defendant understands that, with the exception of an appeal

19   based on a claim that defendant's guilty pleas were involuntary, by

20   pleading guilty defendant is waiving and giving up any right to

21   appeal defendant's convictions on the offenses to which defendant is

22   pleading guilty.

23             LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24       18.   Defendant agrees that, provided the Court imposes the

25   sentence specified in paragraphs 14 above, defendant gives up the

26   right to appeal any portion of that sentence.

27

28

19.   The USAO agrees that, provided the Court imposes the sentence specified in paragraph 14 above, the USAO gives up its right to appeal any portion of that sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

21.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of

defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

23.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis

1  statement attached as Exhibit B to this agreement; and (iii) any

2  evidence derived from such statements, shall be admissible against

3  defendant in any such action against defendant, and defendant waives

4  and gives up any claim under the United States Constitution, any

5  statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

6  Federal Rules of Criminal Procedure, or any other federal rule, that

7  the statements or any evidence derived from the statements should be

8  suppressed or are inadmissible.

9  <u>COURT AND PROBATION OFFICE NOT PARTIES</u>

10     24.  Defendant understands that the Court and the United States

11  Probation Office are not parties to this agreement.  Defendant

12  understands that the Court will determine the facts, sentencing

13  factors, and other considerations relevant to sentencing and will

14  decide for itself whether to accept and agree to be bound by this

15  agreement.

16     25.  Defendant understands that both defendant and the USAO are

17  free to: (a) supplement the facts by supplying relevant information

18  to the United States Probation Office and the Court, (b) correct any

19  and all factual misstatements relating to the Court's Sentencing

20  Guidelines calculations and determination of sentence, and (c) argue

21  on appeal and collateral review that the Court's Sentencing

22  Guidelines calculations and the sentence it chooses to impose are not

23  error.  While this paragraph permits both the USAO and defendant to

24  submit full and complete factual information to the United States

25  Probation Office and the Court, even if that factual information may

26  be viewed as inconsistent with the facts agreed to in this agreement,

27  this paragraph does not affect defendant's and the USAO's obligations

28  not to contest the facts agreed to in this agreement.

1

<u>NO ADDITIONAL AGREEMENTS</u>

2     26.   Defendant understands that, except as set forth herein,

3 there are no promises, understandings, or agreements between the USAO

4 and defendant or defendant's attorney, and that no additional

5 promise, understanding, or agreement may be entered into unless in a

6 writing signed by all parties or on the record in court.

7        <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

8     27.   The parties agree that this agreement will be considered

9 part of the record of defendant's guilty plea hearing as if the

10 entire agreement had been read into the record of the proceeding.

11 AGREED AND ACCEPTED

12 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
13 CALIFORNIA

14 TRACY L. WILKISON
   Acting United States Attorney

15

16

17 *Joseph O. Johns 2/2/21*
   JOSEPH O. JOHNS                    Date
   Assistant United States Attorney

18

19

20 *Mark Goldstein*                    1-19-2021
   MARK GOLDSTEIN                     Date

21

22

23                                    1/28/01

24 DOUGLAS A. AXEL                    Date
   Attorney for Defendant Mark
25 Goldstein

26

27

28

13

1                    <u>CERTIFICATION OF DEFENDANT</u>

2       This agreement has been read to me in its entirety.  I have had

3  enough time to review and consider this agreement, and I have

4  carefully and thoroughly discussed every part of it with my attorney.

5  I understand the terms of this agreement, and I voluntarily agree to

6  those terms.  I have discussed the evidence with my attorney, and my

7  attorney has advised me of my rights, of possible pretrial motions

8  that might be filed, of possible defenses that might be asserted

9  either prior to or at trial, of the sentencing factors set forth in

10  18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

11  and of the consequences of entering into this agreement.  No

12  promises, inducements, or representations of any kind have been made

13  to me other than those contained in this agreement.  No one has

14  threatened or forced me in any way to enter into this agreement.  I

15  am satisfied with the representation of my attorney in this matter,

16  and I am pleading guilty because I am guilty of the charges and wish

17  to take advantage of the promises set forth in this agreement, and

18  not for any other reason.

19

20

21  MARK GOLDSTEIN                         1-19-2021
                                          Date

22

23

24

25

26

27

28

1  |  <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2  |  I am MARK GOLDSTEIN'S attorney.  I have carefully and thoroughly

3  |  discussed every part of this agreement with my client.  Further, I

4  |  have fully advised my client of its rights, of possible pretrial

5  |  motions that might be filed, of possible defenses that might be

6  |  asserted either prior to or at trial, of the sentencing factors set

7  |  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  |  provisions, and of the consequences of entering into this agreement.

9  |  To my knowledge: no promises, inducements, or representations of any

10 |  kind have been made to my client other than those contained in this

11 |  agreement; no one has threatened or forced my client in any way to

12 |  enter into this agreement; my client's decision to enter into this

13 |  agreement is an informed and voluntary one; and the factual basis set

14 |  forth in this agreement is sufficient to support my client's entry of

15 |  guilty pleas pursuant to this agreement.

17 |  DOUGLAS A. AXEL                    Date
   |  Attorney for Defendant MARK
18 |  GOLDSTEIN

15

**EXHIBIT A**

FILED
CLERK, U.S. DISTRICT COURT

2/8/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____JB_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No.  2:21-cr-00026 -SVW |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 545: Receiving Prescription Drugs Imported Contrary to Law; 21 U.S.C. §§ 331(c) and 333(a)(1): Receipt of Misbranded Drugs in Interstate Commerce and Proffered Delivery Thereof For Pay; 18 U.S.C. §§ 545 and 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| HEMATOLOGY ONCOLOGY CONSULTANTS, a California General Partnership, MARK GOLDSTEIN, and STANLEY ROSSMAN, | |
| Defendants. | |

The Acting United States Attorney charges:

COUNT ONE

[18 U.S.C. § 545]

[Defendant HEMATOLOGY ONCOLOGY CONSULTANTS]

On or about June 2008 through on or about October 20, 2011, in

Los Angeles County, within the Central District of California, and

elsewhere, defendant HEMATOLOGY ONCOLOGY CONSULTANTS, a California

General Partnership, knowingly received and bought merchandise,

namely, misbranded and unapproved new drugs, after their importation,

knowing the merchandise to have been imported or brought into the

United States contrary to law.  Specifically, defendant HEMATOLOGY ONCOLOGY CONSULTANTS received and bought misbranded and unapproved new drugs, namely Altuzan, knowing that such merchandise had been imported into the United States without being listed for commercial distribution, as required by Title 21, United States Code, Section 352(o), in violation of Title 21, United States Code, Section 331(a), and without being approved by the United States Food and Drug Administration, as required by Title 21, United States Code, Section 355(a), in violation of Title 21, United States Code, Section 331(d).

COUNT TWO

[21 U.S.C. §§ 331(c), 333(a)(1)]

[Defendants GOLDSTEIN and ROSSMAN]

From on or about June 2008 through on or about October 20, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendants MARK GOLDSTEIN and STANLEY ROSSMAN received in interstate commerce, and caused the receipt in interstate commerce, of misbranded drugs, namely, misbranded and unapproved Altuzan, and delivered and proffered the delivery thereof for pay, and caused the delivery and caused the proffered delivery thereof for pay.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 982(a)(2)(B) and 545]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 545, and Title 28, United States Code, Section 2461(c), in the event of any of the defendant's conviction of the offense set forth in Count One of this Information.

2.    Any defendant so convicted shall forfeit to the United States the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense;

(b)  Any and all merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a), Fed. R. Crim. P., notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Two of this Information.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offense of conviction; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as a result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

1  value; or (e) has been commingled with other property that cannot be
2  divided without difficulty.
3

4                                    TRACY L. WILKISON
                                     Acting United States Attorney
5

6                                    *Brandon Fox*
                                     BRANDON D. FOX
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8

9                                    JOSEPH O. JOHNS
                                     Assistant United States Attorney
10                                   Chief, Environmental and Community
                                       Safety Crimes Section
11

12                                   SONIA W. NATH
                                     Special Assistant United States
                                       Attorney
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

<u>FACTUAL BASIS IN SUPPORT OF PLEA AGREEMENT</u>

At all times material and relevant to the information filed in this matter:

1.  Hematology Oncology Consultants ("HOC") was a California General Partnership located in West Hills and Van Nuys, California.

2.  Defendant and Stanley Rossman were oncologists who were partners in HOC.

3.  From approximately 2008 through 2011, HOC purchased discounted oncology drugs from Montana Healthcare Solutions, a business that sourced drugs from foreign markets.  The foreign market drugs violated the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 <u>et seq.</u>, insofar as they were, *inter alia*, (a) misbranded under 21 U.S.C. § 352(o) because they were not listed with the FDA for commercial distribution in the United States; (b) unapproved new drugs under 21 U.S.C. §§ 321(p), 355(a); and (c) brought into the United States in violation of 21 U.S.C. §§ 331(c) (receipt in interstate commerce and the proffered delivery for pay or otherwise of a misbranded drug) and 331(d) (introduction into interstate commerce of an unapproved new drug).

4.  In March 2009, a Special Agent from the FDA's Office of Criminal Investigations ("FDA-OCI") visited HOC's office and spoke with the HOC office manager who said she could not remember purchasing drugs from the supplier under investigation, and only purchased drugs from "approved distributors."

5.  After the visit from FDA-OCI, HOC continued buying illegal foreign market drugs from Montana Healthcare Solutions. From June 2008 through October 2010, HOC purchased over $1,000,000 of drugs

16

from Montana Healthcare Solutions. Defendant was aware that HOC was purchasing and administering drugs from Montana Healthcare Solutions. (Defendant denies knowing that the drugs were illegal.) In October 2010, Montana Healthcare Solutions was acquired by Canada Drugs, Ltd. ("Canada Drugs"). On April 13, 2018, Canada Drugs pleaded guilty to illegal sales of misbranded and counterfeit prescription drugs that were unapproved in the United States.

6.   Many of the invoices from Montana Healthcare Solutions indicated that the drugs were meant for foreign markets, such as Turkey or countries within the European Union, and some of the invoices identified the drugs by different names.  For instance, an invoice dated March 17, 2011, addressed to defendant and handled in the ordinary course by the HOC office manager, listed one of the items purchased as "Altuzan (bevacizumab) (known as Avastin in the U.S.)(Refrigerated) – Turkey- 400mg/16ml – 1 vial."  The invoice provided that the product would be shipped to HOC at 6850 Sepulveda Blvd. Ste 211, Van Nuys, California 91405-4451, within the Central District of California. The drug "Altuzan" was not approved by the FDA, and was not listed with the FDA as a drug meant for commercial distribution in the United States.

7.   HOC's last purchase from Montana HealthCare Solutions was on October 20, 2011.  In February 2012, Montana Healthcare Solutions sent a notification addressed to defendant and faxed to the HOC office stating that some of the Avastin it had shipped to defendant during the period of October 5, 2011 to October 21, 2011  (invoice numbers 60645 and 61417) likely consisted of counterfeit Avastin that did not contain the medicine's active ingredient, bevacizumab.